UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:16-CR-86-HAB |
| ) | |
| SHON L. GIBSON ) | |

**OPINION AND ORDER**

Before the Court is Defendant Shon Gibson's Motion to Modify Conditions of Release and for Early Release (ECF No. 100), which the Court construes as a Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A). The Government opposes the motion in principal and because Defendant has not exhausted his administrative remedies prior to filing his motion. (ECF No. 103). The motion is fully briefed. (ECF Nos. 103, 105). Because the Government is correct that Defendant failed to exhaust his administrative remedies prior to filing his compassionate release motion, the Defendant's motion will be DENIED.

**<u>DISCUSSION</u>**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --
  (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

> (i) extraordinary and compelling reasons warrant such a reduction …
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government contends that Defendant failed to satisfy the requirement. (ECF No. 103)

Prisoners have two routes to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the prisoner's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). In *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021), the Seventh Circuit clarified that the exhaustion requirement is a mandatory claim-processing rule and "*must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense a defendant has the burden to show he properly exhausted all administrative avenues available to him. *Sanford*, 986 F.3d at 781–82 ("the defendant must first present his request for compassionate release to the warden *and exhaust administrative appeals* (if the request is denied)…").

Further, to properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The purpose of this requirement is to allow the Bureau of Prisons an opportunity to evaluate issues before they are brought to federal court. *Id*.

Defendant's counsel acknowledges that the Defendant failed to exhaust administrative remedies but claims, without any legal authority, that the "exhaustion requirement is not a rigid

barrier when it undermines the statute's remedial purpose." Counsel goes on to note, also without legal citation, that Courts have held that "futility, undue delay, or the BOP's inability to address specific claims can excuse exhaustion."

There are plenty of problems with Defendant's arguments. First, the argument wholly disregards the Seventh Circuit's guidance in *Sanford* that exhaustion is a mandatory claim-processing rule and "***must*** be enforced when properly invoked." *Sanford*, 986 F.3d at 782 (emphasis added).

Second, the Seventh Circuit has expressly rejected a futility exception to the exhaustion requirement. In *United States v. Moore*, the defendant claimed that he should be exempt from the exhaustion requirement because the warden of his facility had never filed a compassionate release motion on behalf of any prisoner. 2022 WL 17982907, at *2 (7th Cir. Dec. 29, 2022). The Seventh Circuit disagreed stating that "[t]he compassionate-release statute does not excuse exhaustion even if a warden is 'unavailable' because the warden categorically refuses to move for any prisoner's compassionate release." *Id.* Moreover, the court stated that, when a prisoner encounters a recalcitrant warden, Congress has fashioned a specific mechanism for relief; "seek[ing] compassionate release themselves in federal court if a warden does not respond to their requests within 30 days." *Id.* As the Seventh Circuit views it, a warden's recalcitrance does not relieve the defendant of his exhaustion duty. *Id.* Aside from that and other than using the word "futile," Defendant has not presented any facts which would cause the Court to believe exhaustion in this case is or would be futile even if an express exception existed in this circuit.

Third, the Federal Bureau of Prisons has adopted regulations that provide the method of exhausting compassionate release requests. 28 C.F.R. § 571.60-.64. The inmate must first submit a request to the warden of his institution. *Id.* § 571.61(a). When the warden denies such a request,

the inmate must pursue an administrative appeal. *Id.* § 571.63(a). There are no specific forms required by the regulations. Rather, the regulations provide only that "the request shall be in writing, and submitted by the inmate." *Id.* §571.61(a).[1] Thus, the regulations establish a process for defendants seeking compassionate release that is not at all onerous.

Simply put, Defendant cannot prevail on his current request. If Defendant believes, as his counsel argues, that he has extraordinary and compelling reasons that warrant compassionate release, he must first present those reasons to the Warden. Defendant's Motion for Compassionate Release is DENIED. (ECF No. 100).

SO ORDERED on February 12, 2025.

                                          s/ *Holly A. Brady*
                                          CHIEF JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT

---

[1] The regulations further require:

> An inmate may initiate a request for consideration under 18 U.S.C. 4205(g) or 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing. The inmate's request shall at a minimum contain the following information:
>
> (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
>
> (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61.